# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDEE MCNALLY, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH FINANCIAL SYSTEMS, INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO. 12-CV-2770-IEG (MDD)<br><br>**ORDER GRANTING DEFENSE COUNSEL'S *EX PARTE* MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>[Doc. No. 13] |

Before the Court is defense counsel's *ex parte* motion to withdraw as counsel of record for Defendant Commonwealth Financial Systems, Inc. [Doc. No. 13.] For the reasons below, defense counsel's motion is **GRANTED**.

## BACKGROUND

This is a prospective class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. [Doc. No. 1.] Discovery has yet to commence. [*See* Doc. No. 12.] Defense counsel seeks, and Defendant consents to, withdrawal based on Defendant's inability to pay defense counsel's fees. [Doc. No. 13-1 at 2.]

## DISCUSSION

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Garrett v. Ruiz*, 2013 WL 163420, at *2 (S.D. Cal. Jan. 14, 2013); *see also* Southern District of California Local Rule 83.3(g)(3). "In ruling on a motion to withdraw as counsel, courts consider:

(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Garrett*, 2013 WL 163420, at *2. "The local rules of this district incorporate 'the standards of professional conduct required by members of the State Bar of California,' which in turn allow withdrawal where a client's 'conduct renders it unreasonably difficult for the member to carry out the employment effectively.'" *Id*. (quoting Southern District of California Local Rule 83.4.). Failure to pay agreed attorneys' fees can constitute such conduct. *See Indymac Fed. Bank, F.S.B. v. McComic*, 2010 WL 2000013, at *1 (S.D. Cal. May 18, 2010). And "Rule 3-700(C)(5) of the California Rules of Professional Conduct expressly allows withdrawal where the client 'knowingly and freely assents to termination of the employment.'" *Id*.

Here, Defendant's consent and inability to pay fees establish good cause for withdrawal. *See id.* Granting the motion, however, would leave the corporate Defendant without counsel, and "[i]t is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney." *CE Res., Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (citing *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam)); *see also Indymac*, 2010 WL 2000013, at *1 (citing Southern District of California Civil Local Rule 83.3(k)). Though some courts have relied on this requirement to deny similar motions, *see, e.g., CE Res.*, 2009 WL 3367489, at *2, the Court finds such an outcome unwarranted here given the early stage of the case as well as Defendant's consent and ample opportunity to retain substitute counsel as needed. [*See* Doc No. 13-1 at 2 (parties "have agreed that it would be in [Defendant's] best interest to find substitute counsel.").] But Defendant is hereby cautioned that failure to promptly retain substitute counsel risks default.

## CONCLUSION

For the forgoing reasons, the Court **GRANTS** defense counsel's *ex parte* motion to withdraw as counsel of record.

**IT IS SO ORDERED.**

**DATED:** February 25, 2013

*[signature]*
**IRMA E. GONZALEZ**
**United States District Judge**